**HOAG et al. v. CITY OF DETROIT.**

No. 11189.

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1950.

Donald A. Wallace, Detroit, Mich., Donald A. Wallace, Detroit, Mich., on brief, for appellant.

A. Bonczak, Detroit, Mich., James S. Shields and Leon H. Harman, Detroit, Mich., on brief, for appellee.

Before MARTIN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

The above cause came on to be heard upon the transcript of the record, the briefs of the parties, and the argument of counsel. Appellants maintained that, in a collision between two motor vehicles, appellee was guilty of negligence, as a matter of law, in stopping its passenger coach on the paved or traveled part of a public highway in order to take on a passenger, inasmuch as it was practicable to stop off such part of the highway. The pertinent Michigan statute Comp.Laws 1948, § 256.326, provides that outside the limits of any city or village, it is unlawful to stop, park, or leave a motor vehicle upon the paved or main traveled part of the highway when it is practicable to stop, park, or leave such ve-

hicle off such part of said highway. No instructions were requested as to what was practicable within the meaning of the statute. We are of the opinion that the trial court properly submitted to the jury the question whether it was practicable for appellee to stop its vehicle off the highway.

■ Complaint is made that the burden of evidence was upon appellee to prove that it was impracticable to stop the coach off the highway, and that such burden was not met. No requests to charge on these points were addressed to the trial court. Without comment on the meritorious character of such contentions, it is to be observed that no error may be assigned as to the giving or failure to give an instruction, unless the party objects thereto, before the jury retires to consider its verdict, stating distinctly the matters to which he objects and the grounds of his objection. Federal Rules of Civil Procedure, Rule 51, 28 U.S.C.A. No error appears as a result of the refusal of the trial court to give four requested instructions. Two of such requested instructions asked the court to charge that appellee was guilty of negligence as a matter of law; another concerned proximate cause, which was covered in the court's charge; and the last related to a colloquy between the court and a witness that, considered as a whole, was favorable rather than prejudicial to appellants' rights.

■■ As to other matters respecting the admission or exclusion of evidence or rulings of the court, it is provided that no error in the admission or exclusion of evidence, and no error or defect in any ruling or order, or in anything done or omitted by the trial court is ground for disturbing a judgment, unless refusal to take such action appears to the court inconsistent with substantial justice. Federal Rules of Civil Procedure, Rule 61, 28 U.S.C.A. See Gillis v. Keystone Mutual Casualty Co., 6 Cir., 172 F.2d 826, 11 A.L.R.2d 455. Nothing in the rulings on evidence or other rulings or actions of the trial court appearing inconsistent with substantial justice in the above case, and the verdict being supported by the evidence, the judgment is affirmed.