**Maud PRATER et al., Plaintiffs-Appellees,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant-Appellant.**

**No. 17069.**

United States Court of Appeals Sixth Circuit.

Feb. 10, 1967.

---

1. 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331.

David W. Goldman, Cincinnati, Ohio, for appellant. William T. Bahlman, Jr., Thomas B. Brush, Paxton & Seasongood, Cincinnati, Ohio, Kahn, Adsit, Arnstein, Gluck, Weitzenfeld & Minnow, Chicago, Ill., on brief.

Harry T. Wilks, Hamilton, Ohio, for appellees.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from a jury verdict for Plaintiffs-Appellees in the District Court for the Southern District of Ohio, Western Division. The action arose from injuries suffered by Appellee Maud Prater as a result of a sudden jerk of an escalator operated by Appellant Sears, Roebuck and Company, which caused Mrs. Prater to fall. The accident occurred on August 27, 1962. The jury returned a verdict of $10,000. for Appellee Maud Prater and $5,000. for her husband.

Two issues are raised on this appeal. First, did the District Court err in not admitting into evidence the record of Appellee Maud Prater's hospitalization some ten years before the accident? Second, did the District Court err in permitting the cross-examination of Appellant's witness concerning a prior accident on the escalator?

While we are of the view the District Court erred in not admitting the ten year old hospital record into evidence, we do not find this error to be prejudicial to the Appellant. The purpose of introducing the 1952 hospital records was to test the credibility of Mrs. Prater's testimony and to show that she suffered from some of the same illnesses claimed to have originated with her fall on the escalator. Mrs. Prater claimed she was suffering from bronchiectasis and emphysema as side effects from her fall. A Doctor Mathew testified he saw Mrs. Prater in 1960, and that she was suffering from bronchitis and nervous tension at that time. Mrs. Prater admitted she complained of chest pain when she was hospitalized in 1952 for a nervous breakdown. Further, Defendant was allowed to ask Doctor William Ronsohoff a hypothetical question including the information that Mrs. Prater was in the hospital in 1952 and that one of her complaints was chest pains on deep breathing, and that subsequently she was treated for bronchitis. The District Judge charged the jury that they could take into account and consider the evidence tending to show that certain of the conditions complained of by Mrs. Prater may have resulted from other causes, and if her condition was aggravated, then the jury could consider the extent the condition was aggravated by the accident.

No error in the admission or exclusion of evidence is ground for reversal unless refusal to take such action appears to the Court to be inconsistent with substantial justice. Commercial Credit Corp. v. United States, 175 F.2d 905 (C.A.8, 1949), Hoag v. City of Detroit, 185 F.2d 764 (C.A.6, 1950).

Considering the entire record, we find no error sufficient to cause reversal of the judgment, either concerning the re-

fusal to admit the 1952 hospital records indicating that Mrs. Prater may have been suffering from chronic bronchitis at the time, or the question of prior accidents on the escalator.

Affirmed.