821 F.2d 650
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert C. BARTLETT, Defendant-Appellant.
 No. 86-5768
 United States Court of Appeals, Sixth Circuit.
 June 29, 1987.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert C. Bartlett appeals his jury convictions on four counts of failure to file individual tax returns in violation of 26 U.S.C. Sec. 7203. Bartlett raises a myriad of arguments concerning the manner in which he was indicted, tried and convicted. For the reasons which follow, the court is unpersuaded by these arguments and therefore affirms the judgments of conviction.
 
 I.
 
 2
 From the years 1979 through 1982, Bartlett earned salary income in the approximate amounts of $40,164, $32,248, $41,524, and $34,644, respectively. Bartlett did not, however, file income tax returns for any of those years. In correspondence with the Internal Revenue Service (IRS), Bartlett took the position that wages are not income. As early as 1980, the IRS informed Bartlett that wages are indeed income for the purposes of taxation. In October of 1982, Bartlett sent 1040 Forms to the IRS claiming refunds for the amounts withheld from his wages in 1979 and 1981. His refund claims were again based on his contention that wages are not income.
 
 
 3
 On March 25, 1986, Bartlett was charged in a four-count indictment with failure to file individual tax returns for the years 1979, 1980, 1981 and 1982, in violation of 26 U.S.C. Sec. 7203.[1] Bartlett initially appeared before the United States Magistrate on March 26, 1986. Bartlett indicated to the Magistrate that he would be able to retain his own counsel, and the Magistrate informed Bartlett that it was imperative to have counsel present at the arraignment scheduled for April 4, 1986. When Bartlett appeared for arraignment on April 4, however, he advised the Magistrate that he had been unable to retain counsel. The arraignment was postponed until April 11, 1986, to afford Bartlett another opportunity to retain counsel. On April 11, Bartlett appeared and again advised the Magistrate that he had been unsuccessful in retaining counsel. The Magistrate again postponed arraignment for one week, until April 18, 1986, to give Bartlett another opportunity to obtain counsel. In deferring the arraignment, however, the Magistrate informed Bartlett that if he did not have counsel by the 17th, an attorney would be appointed at Bartlett's expense in order to facilitate arraignment on the 18th. On April 17, Bartlett informed the Magistrate that he had not yet retained counsel. He confirmed this the next day when he appeared for arraignment. Accordingly, the Magistrate appointed William B. M. Carter as Barrett's attorney pursuant to Fed. R. Crim. P. 44. The Magistrate also informed Bartlett that if he retained another attorney of his choice, Carter could be discharged upon a formal appearance of new counsel. Bartlett and Carter were given time to confer and then appeared before the Magistrate. When asked to plead, Bartlett stood mute; the Magistrate accordingly instructed the clerk to enter pleas of not guilty on each count on Bartlett's behalf. Trial was set for June 2, 1986.
 
 
 4
 On May 14, 1986, Attorney Carter filed a motion to withdraw from further representation of Bartlett. Bartlett had informed Carter that he no longer wanted Carter to represent him and that he wanted to represent himself. On May 20, 1986, Bartlett filed a 'Notice to the Court,' demanding that Carter be dismissed as his attorney. The Magistrate held a hearing on May 21, 1986, at which time Bartlett stated that he was appearing 'in propria persona.' The Magistrate warned Bartlett of the dangers of representing himself, but also acknowledged that Bartlett had a constitutional right to do so if he desired. See Farretta v. California, 422 U.S. 806 (1975). After noting that Bartlett had attended college and was literate, the Magistrate concluded that Bartlett was 'voluntarily and intelligently exercising his informed free will in electing to represent himself in this action.' Although the Magistrate further informed Bartlett of his option to retain Carter as standby counsel, Bartlett indicated that he did not want Carter to represent him in any capacity. Accordingly, the Magistrate permitted Carter to withdraw from representing Bartlett.
 
 
 5
 Bartlett filed a number of motions with the district court on May 23, 1986, in his pro se capacity. Among other things, Bartlett made specific discovery requests, requested that the government be required to show why he was subject to the tax statutes, requested the court to notify him when his rights were being violated, and requested the court to allow the jury to decide all questions of law, fact and admissibility of evidence. In an order filed on May 30, 1986, the district court thoroughly reviewed and denied each motion.
 
 
 6
 Also on May 30, 1986, the government filed a superseding information to correct a date alleged in Count I of the Indictment. The original indictment stated that Bartlett was required by law to file his 1979 tax return 'on or before April 15, 1980.' The government discovered, however, that Bartlett had obtained an extension of time to file his 1979 return so that the return was not due until May 23, 1980. Count I of the new information reflected this, stating that Bartlett was required by law to file his 1979 return 'on or before May 23, 1980.' The information was accepted and the indictment was subsequently dismissed without prejudice.
 
 
 7
 The district court also held a pretrial conference on May 30 after arraigning Bartlett on the superseding information. The district court explained the jury selection process to Bartlett and the government's attorney, stating that it was going to conduct its own voir dire examination of the jurors to determine their qualification for duty. If either of the parties had any questions with respect to the jurors' qualifications, they were to put them in writing and submit them to the court at the start of the selection process. Bartlett informed the court that he understood this procedure.
 
 
 8
 Jury selection began on June 2, 1986. Each party submitted voir dire questions to the court and the court conducted voir dire in accordance with its prior instructions. At one point, Bartlett asked to address the prospective jurors personally, but the district court denied his request. After the jurors were selected, the district court preliminarily instructed them that while they alone were 'the judges of the facts,' they were to apply the facts to the law as instructed by the court. That is, they were required to follow the law given to them by the court, whether they agreed with it or not.
 
 
 9
 Bartlett's trial then began. The government presented evidence of the salary income Bartlett received in each of the tax years in question, 1979 through 1982. The government also showed that Bartlett had failed to file timely tax returns for those years.
 
 
 10
 Bartlett called one character witness to testify on his behalf. The witness testified that Bartlett is a highly principled individual of Christian faith, and also explained why she subscribed to Bartlett's view that wages are not taxable income. Although Bartlett did not formally testify, he presented in his closing arguments his position that wages are not taxable income under the Internal Revenue Code. Bartlett observed that he received his wages in exchange for his labor. According to Bartlett, this exchange of his 'property' for money could not be taxed as income, since he received no 'gain' from the transaction. Bartlett also stated in his closing argument the following:
 
 
 11
 The very purpose of the jury system is a check against bad law. In spite of all intents to bind you to codes, regulations and rules, you, as the jury, still can say guilty or not guilty.
 
 
 12
 After Bartlett concluded his closing statements, the district court reminded the jurors that it alone would instruct them on the law which they were to apply.
 
 
 13
 During trial, Bartlett had also attempted to introduce a book into evidence authored by Congressman George Hansen. The district court ruled that the book was inadmissible since it contained hearsay statements which were offered for the purpose of proving the truth of the matter asserted.
 
 
 14
 The district court instructed the jury that three elements had to be proven beyond a reasonable doubt for Bartlett to be found guilty under 26 U.S.C. Sec. 7203. First, Bartlett had to be a person required to file a return for the tax year in question; second, he had to have failed to duly file a return at the time required by law; and third, his failure to file had to be willful. As to the first element, the court further instructed that '[t]he defendant is a person required to file returns if his gross income for the years 1979, 1980, 1981 and 1982 exceeded $5,400 in each year . . ..'[2] After instruction, the jury returned verdicts of guilty on all four counts. On July 3, 1986, Bartlett was sentenced to one-year consecutive terms of imprisonment on each count. The sentence on Count IV was suspended, however, and Bartlett was placed on probation for a period of five years consecutive to the sentences imposed on Counts I through III. Bartlett brought this timely appeal on July 9, 1986.
 
 II.
 
 15
 Bartlett first argues that he was not given an adequate opportunity to obtain counsel of his own choice. This contention is without merit. The Magistrate afforded Bartlett repeated opportunities to obtain counsel. When it became apparent that Bartlett was not going to retain his own attorney, the Magistrate appointed an attorney, William Carter, to represent Bartlett pursuant to Fed. R. Crim. P. 44. This course of action was reasonable under the circumstances and ensured that Bartlett had the assistance of counsel. Bartlett was dissatisfieid with Carter, however, and when Carter moved to withdraw from representation of Bartlett, Bartlett notified the court that he wished to pursue the case on his own behalf. Despite the Magistrate's warnings that self-representation was unwise, Bartlett insisted on representing himself. As the Supreme Court acknowledged in Faretta v. California, 422 U.S. 806, 834 (1975), Bartlett had a constitutional right to do so. The only prerequisite is that he had to 'knowingly and intelligently' forego his right to be represented by counsel. We are satisfied that this prerequisite was satisfied in the instant case. The Magistrate fulfilled his obligation to make Bartlett 'aware of the dangers and disadvantages of self-representation, so that the record [established] that 'he [knew] what he [was] doing and his choice [was] made with eyes open." Id. at 835 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)). Accordingly, we find no error under these circumstances.
 
 
 16
 Bartlett's second claim of error is that the district court failed to properly address his pretrial motions in dismissing them. Bartlett does not allege any error with regard to any of the specific rulings of the court, but merely alleges that the court did not fully consider the motions. Our review of the court's order in which it disposed of the motions shows that this contention is also meritless. The district court addressed separately and gave due consideration to each motion. We detect no error in the court's denials of the motions.
 
 
 17
 Bartlett next asserts that it was error for the district court to proceed on the superseding information without first obtaining his consent. The government filed the superseding information to correct and incorrect date in the original indictment. Bartlett was present when the government proposed the superseding information and was fully aware of the government's reasons for doing so. Again, Bartlett cites no authority for his proposition that it was necessary to obtain his consent before proceeding on the information, and we find no support for it. Bartlett was charged with violations of 26 U.S.C. Sec. 7203, which by its own provisions is a misdemeanor. Misdemeanors can be prosecuted by information, United States v. Saussy, 802 F.2d 849, 851 (6th Cir. 1986) cert. denied, 107 S. Ct. 1352 (1987), and an indictment charging misdemeanor offenses may be superseded by an information. United States v. Brewer, 681 F.2d 973 (5th Cir. 1982). Accordingly, the district court did not err in proceeding on the superseding information.
 
 
 18
 Bartlett also contends that the district court committed error when it failed to inform him of the law before instructing the jury. Bartlett has not presented, however, and we have not discovered, any authority for the proposition that a district court must educate defendants on the law on which they are being tried. The court below gave Bartlett, as well as the government's attorney, a copy of the jury instructions before closing argument and discussed the instructions with the parties. Thus, Bartlett was fully aware of the content of the jury instructions and had sufficient opportunity to raise objections thereto before the court actually instructed the jury on the law. We detect no error under these circumstances.
 
 
 19
 Bartlett next contends that the district court improperly refused to allow him to personally address the jurors during voir dire. The process by which the court examined the prospective jurors is expressly provided for by Fed. R. Crim. P. 24. Thus, the court did not err in utilizing that procedure. Furthermore, the court explained its process to Bartlett in advance of voir dire, and Bartlett raised no objections to the process. We again detect no error under these circumstances.
 
 
 20
 Bartlett also alleges error in several of the district court's evidentiary rulings. One is that the court improperly disallowed the introduction of a book authored by Congressman George Hansen on hearsay grounds. Bartlett again is unable to refer the court to any authority showing that the district court's refusal constitutes an error of law. Furthermore, '[n]o error in the admission or exclusion of evidence is ground for reversal unless refusal to take such action appears to the Court to be inconsistent with substantial justice.' Prater v. Sears, Roebuck & Co., 372 F.2d 447, 448 (6th Cir. 1967) (per curiam). See also Fed. R. Evid. 103. Because we believe that the district court's evidentiary rulings are not inconsistent with substantial justice, we conclude that Bartlett's arguments on this point do not constitute grounds for reversal.
 
 
 21
 The last arguments raised by Bartlett relate to the district court's jury instructions. Bartett primarily contends that the district court directed a verdict of guilty by instructing the jury that Bartlett was in fact an individual who was required to file tax returns. This argument is based on the typographical error which had appeared in the transcript. As originally transcribed, the district court's instruction read as follows:
 
 
 22
 The defendant is a person required to file returns of his gross income for the year 1979, 1980, 1981 and 1982 exceeded $5,400 in each year . . ..
 
 
 23
 (Emphasis added). However, the error in the transcript has been corrected to reflect the district court's actual instruction:
 
 
 24
 The defendant is a person required to file returns if his gross income . . . exceeded $5,400 . . ..
 
 
 25
 (Emphasis added). Thus, the district court did not instruct the jury that Bartlett was in fact an individual who was required to file returns, but properly instructed the jurors to find that Bartlett was required to file if they concluded that Bartlett's gross income for the pertinent years exceeded $5,400. There is no error in this instruction.
 
 
 26
 Finally, with respect to the jury instructions as a whole, we conclude that they properly submitted the issues to the jury. See Cupp v. Naughton, 414 U.S. 141, 146-47 (1973). The district court properly instructed the jury that wages are income within the meaning of the tax laws and are therefore subject to taxation. See Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir. 1984) (per curiam); United States v. Koliboski, 732 F.2d 1328, 1329 n.1 (7th Cir. 1984) (holding that wages are income and precluding any future claim of a good-faith belief that wages, or salaries, are not taxable income). The district court also properly instructed on the element of Bartlett's intent, or his willfulness. Willfulness under the tax statutes has been defined as 'a voluntary, intentional violation of a known legal duty,' United States v. Pomponio, 429 U.S. 10, 12-13 (1976), and a good faith disagreement with a tax statute or a good faith belief that a tax statute is unconstitutional will not negate the element of willfulness. United States v. Grumka, 728 F.2d 794, 797 (6th Cir. 1984). Because the district court instructed the jury in accordance with these principles, we find that it properly presented the pertinent law to the jury.
 
 
 27
 In sum, we have thoroughly reviewed all of Bartlett's claims of error and have found them to be unpersuasive. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Section 7203 provides in pertinent part:
 Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return . . . who willfully fails to pay such estimated tax or tax [or] make such return . . . shall . . . be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than one year, or both, together with the costs of prosecution.
 
 
 [2]
 The trial transcript originally read as follows: 'The defendant is a person required to file returns of his gross income . . . exceeded $5,4000 . . ..' (Emphasis added). The government subsequently established through an affidavit submitted by the court reporter that the use of the word 'of' was a typographical error. The instruction actually given to the jury is the one quoted in the taxt above, using the word 'if.'