54 F.3d 778
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James Eugene YATES, Plaintiff-Appellant,
v.
L. GRAY; L. Slaughter, Defendants-Appellees.
 No. 94-6055.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and CHURCHILL, District Judge.*
 ORDER
 James Eugene Yates, pro se, appeals a district court judgment entered upon a jury verdict in favor of defendants Gray and Slaughter and two other district court orders dismissing the remaining defendants and claims as frivolous in this civil rights case. 42 U.S.C. Sec. 1983. The defendants are correctional officers employed at the Shelby County Criminal Justice Complex in Memphis, Tennessee, at the time the alleged constitutional violations took place.
 
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In his complaint, Yates alleged that, during a shakedown of his and other prison cells on November 16, 1991, defendants Gray and Slaughter, along with other correctional officers, destroyed some of Yates's personal property, confiscated some of his "legal materials," deliberately struck and injured him, then denied him medical treatment for the injuries caused by the assault on him and neighboring inmates. The district court considered Yates's original and amended complaints and dismissed as frivolous under 28 U.S.C. Sec. 1915(d) all claims and defendants other than those against defendants Gray and Slaughter concerning their use of force during the cell shakedown. After a three-day jury trial, a verdict was announced in favor of Gray and Slaughter on the excessive force claims and a judgment was entered, accordingly.
 
 
 3
 On appeal, Yates raises several issues surrounding the procedure below and requests the return of his "confiscated legal papers." Yates also requests the appointment of counsel and the opportunity to cross-examine the defendants, if counsel should be appointed for him.
 
 
 4
 Because Yates never moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 or for a new trial pursuant to Fed. R. Civ. P. 59, this court may not disturb the jury verdict and the judgment below unless Yates can establish error so prejudicial that he was denied substantial justice. Fed. R. Civ. P. 61; Rocha v. Great American Ins. Co., 850 F.2d 1095, 1098 (6th Cir. 1988). This court is not free to reweigh the evidence and set aside a jury verdict merely because the jury could have drawn different inferences or conclusions of law or because judges feel that other results may have been more desirable. Portage II v. Bryant Petroleum Corp., 899 F.2d 1514, 1523 (6th Cir. 1990). In regard to the claims the district court dismissed, prior to trial, as frivolous, the Supreme Court has said that appellate courts must review Sec. 1915(d) dismissals only for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728, 1734 (1992). See also Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 5
 This court concludes that the district court did not err or abuse its discretion by failing to call any additional witnesses, or by refusing to gather or admit certain prison documents that Yates believes would have supported his lawsuit. There is no indication that the absence of these documents resulted in denying Yates substantial justice in this civil trial or that this evidence would have caused a different outcome at trial to warrant a reversal of the judgment below. Nida v. Plant Protection Ass'n Nat'l, 7 F.3d 522, 527 (6th Cir. 1993); Prater v. Sears, Roebuck & Co., 372 F.2d 447, 448 (6th Cir. 1967) (per curiam). Further, the district court did not err by not allowing the jury to see the entire original complaint, because the court properly disposed of all but two of the original claims prior to the trial.
 
 
 6
 Yates does not allege or show how certain affidavits that he argues should have been presented to the jury would have been admissible as evidence at his trial. Fed. R. Evid. 801 and 802. Next, given the circumstances described by Yates, no constitutional violation occurred when he was observed naked for a short period of time by female guards. See Bell v. Wolfish, 441 U.S. 520, 558 (1979); Kent v. Johnson, 821 F.2d 1220, 1226-27 (6th Cir. 1987).
 
 
 7
 Yates has failed to establish that the district court was biased or prejudiced in favor of the defendants and, thus, has failed to support his contention that the final decision was unfair. Liteky v. United States, 114 S. Ct. 1147, 1158 (1994); United States v. Sammons, 918 F.2d 592, 598-99 (6th Cir. 1990). Lastly, the district court did not abuse its discretion in failing to appoint counsel in this case, because Yates has not shown that exceptional circumstances exist. Lavado, 992 F.2d at 605-06.
 
 
 8
 Accordingly, Yate's requests, as outlined above, are denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation