56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald L. SWEARINGEN, Plaintiff-Appellant,
v.
Reginald WILKINSON; Leon Hughes; Charles Cloutier, M.D.;
Johnny Terry; Johnathan Hubbard; Nurse Vance; John
Doe; Jane Doe; Charity Stover, Lt.,
Defendants-Appellees.
 No. 94-3870.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Donald L. Swearingen, pro se, appeals three district court orders dismissing his civil rights complaint which he filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Swearingen's complaint states that, on June 26, 1992, he was transported to the Ohio State University Hospital for a pre-scheduled surgical operation to remove a lead bullet from his right leg, but that, upon arrival, he was informed that the physician who was scheduled to perform the surgery, defendant Dr. Cloutier, did not have the time to operate on him. Swearingen was then transported to the Frazier Health Center, a part of the Orient Correctional Center, where he began arguing with defendant Dr. Hughes. Thereafter, Swearingen refused to cooperate with prison officials and was placed in leg restraints and handcuffed. It was Swearingen's contention that he was kicked and beaten after being restrained; that while in restraints, he was forced to lie in his waste for approximately fourteen hours; and that during this period of time, he was denied proper medical attention. Swearingen also alleged that, upon his return to the Southern Ohio Correctional Facility (SOCF), defendants Hubbard and Terry confiscated certain of his personal property. Lastly, Swearingen alleged that the water at SOCF was contaminated. Swearingen claimed that the actions of the defendants deprived him of his "Fourteenth Amendment right to be free of unjustified and excessive use of force" and violated his right to be free of cruel and unusual punishment under the Eighth Amendment.
 
 
 4
 The district court granted motions filed by defendants Wilkinson, Hughes, Cloutier, Terry and Hubbard, to dismiss on the pleadings. Subsequently, the district court granted a motion filed by defendant Vance for summary judgment. However, the district court ordered the action to proceed to trial on Swearingen's Eighth Amendment claim against defendant Stover. A jury trial was held on August 1 and 2, 1994, ending in a jury verdict in favor of defendant Stover. Thereafter, the district court entered judgment in favor of the defendant based on this verdict.
 
 
 5
 On appeal, Swearingen argues that the trial court committed the following nine errors: 1) denied his motion to amend his complaint prior to trial; 2) denied his request to submit certain administrative regulations as exhibits for the jury during deliberation; 3) charged the jury contrary to Sixth Circuit law surrounding the Eighth Amendment; 4) denied his "repeated request" to subpoena certain witnesses at his trial; 5) denied his "repeated request to compel discovery"; 6) denied his request to ask certain questions during voir dire of the jury; 7) improperly "dismissed" all of the defendants from this case except for defendant Charity Stover; 8) permitted state correctional officers to carry and expose their firearms in the courtroom during his trial and allowed Swearingen to be placed in restraints during the court recess; and 9) denied "any and all motions" filed by Swearingen prior to and during his trial. Swearingen has filed a motion for the appointment of counsel on appeal. Because Swearingen has preserved only issues concerning defendants Stover, Vance, Hughes and Cloutier, involving his medical needs and excessive force claims under the Eighth Amendment, Swearingen's other claims need not be addressed by this court on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 112 S. Ct. 1481 (1992).
 
 
 6
 Swearingen never moved for a new trial pursuant to Fed. R. Civ. P. 59, but appealed directly to this court from the judgment entered upon the verdict. As a result, this court may not disturb the jury verdict and the judgment below unless Swearingen can establish error so prejudicial that he was denied substantial justice. Fed. R. Civ. P. 61; Taft Broadcasting Co. v. United States, 929 F.2d 240, 244 (6th Cir. 1991); Rocha v. Great American Ins. Co., 850 F.2d 1095, 1098 (6th Cir. 1988). First, there is nothing in the record showing that Swearingen ever filed a motion to amend his complaint, as he contends. Thus, the factual basis for this argument is frivolous. Next, Swearingen has not shown that the district court's action was inconsistent with substantial justice when it did not admit certain administrative regulations for the jury's consideration. The plaintiff has not alleged or shown that this evidence would have caused a different outcome at trial to the extent that it would require a reversal of the jury's verdict. Nida v. Plant Protection Ass'n Nat'l, 7 F.3d 522, 527 (6th Cir. 1993); Prater v. Sears, Roebuck & Co., 372 F.2d 447, 448 (6th Cir. 1967) (per curiam).
 
 
 7
 The plaintiff failed to object to the jury instructions at trial, and he has not established that any error was obvious and prejudicial. Young v. Langley, 793 F.2d 792, 795 (6th Cir.), cert. denied, 479 U.S. 950 (1986). Moreover, this claim is without merit because the record shows that the trial court defined cruel and unusual punishment precisely as the Supreme Court defined the term in the cases of Hudson v. McMillian, 112 S. Ct. 995, 999 (1992), and Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 
 8
 Because Swearingen made no objection to the exclusion of certain witnesses at trial and because he has not shown that he was prejudiced by the exclusion of any particular witness, the judgment will not be disturbed on this basis. Fed. R. Evid. 103; United States v. Moore, 917 F.2d 215, 230 (6th Cir. 1990), cert. denied, 499 U.S. 963 (1991); American Anodco, Inc. v. Reynolds Metal Co., 743 F.2d 417, 424 (6th Cir. 1984). It was not an abuse of the district court's discretion to deny Swearingen's requests for additional discovery. Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993) (quoting Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.), cert. denied, 454 U.S. 893 (1981)). Furthermore, the trial judge did not abuse his discretion by failing to ask the questions Swearingen requested in the voir dire of the jury. See United States v. Aloi, 9 F.3d 438, 441 (6th Cir. 1993). The trial in this case was not a criminal trial to decide Swearingen's guilt or innocence, in which handcuffs and shackles may be grounds for a mistrial if prejudice can be shown. Here, Swearingen has not alleged how he was prejudiced by the use of the restraints or by the presence of firearms in the courtroom. See Estelle v. Williams, 425 U.S. 501, 507 (1976). Therefore, none of the above arguments complaining about the trial procedure support reversal of the jury's verdict or the judgment entered thereon.
 
 
 9
 Based on the evidence of record, it cannot be said that defendants Hughes and Cloutier were deliberately indifferent to Swearingen's medical needs, to establish an Eighth Amendment claim of cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993). Therefore, it was proper for the district court to grant these physicians' motions to dismiss on the pleadings. See Astor v. International Business Machs. Corp., 7 F.3d 533, 538 (6th Cir. 1993); Lavado, 992 F.2d at 605.
 
 
 10
 Likewise, the medical documentation submitted by defendant Vance revealed that this nurse was not deliberately indifferent to Swearingen's needs after he was restrained. Therefore, there was no genuine issue of material fact to submit to a jury on this claim, and summary judgment was properly granted in Vance's favor. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir. 1993); Moore, 2 F.3d at 699.
 
 
 11
 Accordingly, Swearingen's motion for the appointment of counsel is denied, and the district court's orders dismissing this case are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation